

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Pat McCullough, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-09359 |
| | ) | |
| Fraternal Order of Police, | ) | Judge John J. Thorp, Jr. |
| Chicago Lodge 7, | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

## <u>FIRST AMENDED COMPLAINT</u>

COMES NOW the Plaintiff, Mary Pat McCullough, by and through her attorney, Law Office of Lori D. Ecker, and for her First Amended Complaint at Law against Defendant, states and alleges as follows:

### <u>Introduction</u>

1.     Plaintiff brings this action to remedy violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981A ("Title VII"); and under the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*. ("IHRA").

### <u>Jurisdiction and Venue</u>

2.     Jurisdiction is conferred on this Court by the above-named statutes, as well as the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.     Venue is proper by virtue of 28 U.S.C. § 1391(b) and (c).  This action is brought in the judicial district in which Defendant corporation resides and where a substantial part of the events giving rise to the claims occurred.

## Parties

4.      Plaintiff, Mary Pat McCullough ("McCullough" or "Plaintiff"), is a female citizen and resident of Palos Park, Cook County, Illinois.

5.      McCullough is a former employee of the Fraternal Order of Police, Chicago Lodge 7 ("FOP" or Defendant") as defined by the IHRA, 775 ILCS 5/2-101(A)(1)(A), and Title VII, 42 U.S.C. § 2000e(f), who worked out of its facility in Chicago, Illinois, from in or about June 2002 until her termination on or about April 5, 2011.

6.      Defendant is an Illinois not-for-profit corporation, currently in good standing, located at 1412 W. Washington Boulevard, Chicago, Cook County, Illinois.

7.      At all relevant times, Defendant employed 15 or more employees and is and was an employer as defined by Title VII, 42 U.S.C. § 2000e(b) and as defined by the IHRA, 775 ILCS 5/2-101(B)(1)(a).

8.      At all relevant times, Defendant employed 1 or more employees and is and was an employer as defined by the IHRA, 775 ILCS 5/2-101(B)(1)(b) and 775 ILCS 5/6-101(A).

## Factual Allegations

9.      From the commencement of her employment with Defendant in June 2002 until her termination, McCullough was employed as a secretary for and was supervised by the President of the FOP.

10.      Since at least June 2002 and continuing at least until the time of McCullough's termination, Defendant engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  Those unlawful employment practices include, but are not limited

to, subjecting McCullough and other female employees to a hostile working environment because of their sex through:

      a.     repeated use, by Defendant's management and employees, of language that was offensive and/or degrading to women;

      b.     forwarding emails containing vulgar and obscene content; and

      c.     comments of a sexual nature and/or about female employees' bodies.

11.     Throughout her employment with the FOP, McCullough regularly complained to supervisory employees and the Defendant's President about the sexual harassment and hostile working environment.

12.     Despite actual and/or constructive notice of the situation, Defendant failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment, thereby also regularly and repeatedly failing to follow its own stated Office Policy for responding to complaints of sexual harassment. This situation continued at least until McCullough was terminated.

13.     On or about December 15, 2010, one of McCullough's co-workers submitted a written complaint of sexual harassment.

14.     McCullough cooperated with the internal investigation of her co-worker's written complaint. Plaintiff was interviewed by the lawyers hired by Defendant to conduct an investigation based on her co-worker's written allegations, including several hours on or about March 16, 2011, during which McCullough engaged in statutorily protected activity, including opposing discrimination prohibited by Title VII.

15.     On or about March 28, 2011, a report of the sexual harassment investigation was delivered to Defendant.

16.     McCullough's employment with the FOP was terminated on April 5, 2011.

17.     Plaintiff has met all administrative prerequisites to suit in that she timely filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 13, 2011.  A true and accurate copy of Plaintiff's first Charge of Discrimination is attached hereto as Exhibit A.

18.     Subsequent to McCullough's termination, Defendant continued to retaliate against her by refusing to respond to inquiries for job references and/or by providing negative responses to job reference inquiries.

19.     On or about June 5, 2011, Defendant further retaliated against McCullough by filing a complaint against her in the Circuit Court of Cook County.

20.     Plaintiff timely filed a second charge of discrimination against Defendant on June 21, 2011, a true and accurate copy of which is attached hereto as Exhibit B.  Subsequently, Plaintiff's second Charge of Discrimination was amended.  A true and accurate copy of Plaintiff's second, amended Charge of Discrimination is attached hereto as Exhibit C.

21.     Each of the aforesaid Charge of Discrimination was dually filed with the Illinois Department of Human Rights ("IDHR").

22.     On or about September 25, 2012, at Plaintiff's request, the EEOC issued a dismissal and notice of right to sue with regard to her first Charge of Discrimination.  A true and accurate copy of the said notice of dismissal is attached hereto as Exhibit D.

4

23.     On or about September 28, 2012, at Plaintiff's request, the EEOC issued a dismissal and notice of right to sue with regard to her second Charge of Discrimination, as amended. A true and accurate copy of said notice of dismissal is attached hereto as Exhibit E.

24.     On November 21, 2012, Plaintiff timely filed this action within 90 days of her receipt of the EEOC notices.

25.     On or about October 9, 2012, Plaintiff notified the IDHR of the EEOC's determination in the aforesaid Charges. A true and accurate copy of Plaintiff's notice to the IDHR is attached hereto as Exhibit F.

26.     On or about January 25, 2013, the IDHR dismissed both Charges and notified Plaintiff that she had 90 days within which to file a civil action. True and accurate copies of the IDHR notices are attached hereto and marked as Exhibit G and Exhibit H, respectively.

27.     Plaintiff submits her First Amended Complaint, containing her claims under the Illinois Human Rights Act arising out of her IDHR charges, within 90 days of her receipt of the IDHR dismissal of her charges.

**COUNT I**
**GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

28.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth in this Count I.

29.     The effect of the practices complained of above has been to deprive McCullough of equal employment opportunity and to otherwise adversely affect her status as an employee because of sex.

30.     The unlawful employment practices complained of above were intentional.

5

31.     The unlawful employment practices complained of above were done with malice or in reckless disregard for the federally protected rights of McCullough.

32.     As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliations, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff requests that this Court:

A.      Enter a finding she was subjected to gender discrimination in violation of Title VII;

B.      Enter a finding that Defendant engaged in the gender discrimination with malice and reckless indifference for Plaintiff's rights under Title VII;

C.      Award her lost wages and benefits;

D.      Award her compensatory and punitive damages;

E.      Award reinstatement; or, in the alternative, front pay;

F.      Award prejudgment interest;

G.      Award her reasonable attorney's fees and costs; and

H.      Award any further relief this Court deems to be just and appropriate.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

33.     Plaintiff incorporates the preceding paragraphs as though fully set forth in this Count II.

34.    The effect of the practices complained of above has been to adversely affect Plaintiff's status as an employee and to cause her post-employment harm for her opposition to discriminatory practices.

35.    The unlawful employment practices complained of above were intentional.

36.    The unlawful employment practices complained of above were done with malice or in reckless disregard for the federally protected rights of McCullough.

37.    As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliations, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff requests that this Court:

A.    Enter a finding she was subjected to retaliation in violation of Title VII;

B.    Enter a finding that Defendant engaged in the retaliation with malice and reckless indifference for Plaintiff's rights under Title VII;

C.    Award her lost wages and benefits;

D.    Award her compensatory and punitive damages;

E.    Award reinstatement; or, in the alternative, front pay;

F.    Award prejudgment interest;

G.    Award her reasonable attorney's fees and costs; and

H.    Award any further relief this Court deems to be just and appropriate.

**COUNT III**
**SEXUAL HARASSMENT AND GENDER DISCRIMINATION**
**IN VIOLATION OF THE IHRA**

38.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth in this Count III.

39.      The effect of the practices complained of above has been to deprive McCullough of equal employment opportunity and to otherwise adversely affect her status as an employee because of sex.

40.     The unlawful employment practices complained of above were intentional.

41.     The unlawful employment practices complained of above were done with malice or in reckless disregard for the legally protected rights of McCullough under Illinois state law.

42.     As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliations, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff requests that this Court:

A.     Enter a finding she was subjected to gender discrimination in violation of the IHRA;

B.     Award her lost wages and benefits;

C.     Award her compensatory damages;

D.     Award reinstatement; or, in the alternative, front pay;

E.     Award prejudgment interest;

8

       F.      Award her reasonable attorney's fees and costs; and

       G.      Award any further relief this Court deems to be just and appropriate.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE IHRA**

43.      Plaintiff incorporates the preceding paragraphs as though fully set forth in this Count IV.

44.      The effect of the practices complained of above has been to adversely affect Plaintiff's status as an employee and to cause her post-employment harm for her opposition to discriminatory practices.

45.      The unlawful employment practices complained of above were intentional.

46.      The unlawful employment practices complained of above were done with malice or in reckless disregard for the federally protected rights of McCullough.

47.      As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliations, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff requests that this Court:

       A.      Enter a finding she was subjected to retaliation in violation of the IHRA;

       B.      Award her lost wages and benefits;

       C.      Award her compensatory damages;

       D.      Award reinstatement; or, in the alternative, front pay;

       E.      Award prejudgment interest;

F.        Award her reasonable attorney's fees and costs; and

G.        Award any further relief this Court deems to be just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

s/ Lori D. Ecker

Lori D. Ecker
Law Office of Lori D. Ecker
120 N. LaSalle St., Suite 1050
Chicago, IL 60602
312/855-1880
loriecker@ameritech.net