UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Pat McCullough, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12-cv-09359 |
| | ) | |
| Fraternal Order of Police, | ) | Judge John J. Tharp, Jr. |
| Chicago Lodge 7, | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO PRECLUDE CERTAIN CLAIMS AND/OR DEFENSES**

Plaintiff, Mary Pat McCullough, by and through her attorney, respectfully requests that, pursuant to Rule 104 of the Federal Rules of Evidence, this Court decide whether Defendant has waived any privileges that may exist and seeks to have this Court rule as to whether Defendant shall be precluded from raising certain claims and/or defenses; or, in the alternative, pursuant to Rule 30 of the Federal Rules of Civil Procedure, to have this Court order Defendant to respond to certain discovery requests.

1. Throughout her employment with Defendant, Plaintiff regularly complained to supervisory employees and the Defendant's President about sexual harassment and the hostile working environment.  (Plaintiff's Amended Complaint "Pl's Amend. Cplt." ¶ 11).

2. Despite actual and/or constructive notice of the situation, Defendant failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment, thereby also regularly and repeatedly failing to follow its own stated Office Policy

for responding to complaints of sexual harassment. This situation continued at least until Plaintiff was terminated. (Pl's Amend. Cplt. ¶ 12).

3. On or about December 15, 2010, one of Plaintiff's co-workers, Marie Marrero, submitted a written complaint of sexual harassment. (Pl's Amend. Cplt. ¶ 13).

4. Plaintiff cooperated with the internal investigation of her co-worker's written complaint. Plaintiff was interviewed by the lawyers hired by Defendant to conduct an investigation based on her co-worker's written allegations, including several hours on or about March 16, 2011, during which Plaintiff engaged in statutorily protected activity, including opposing discrimination prohibited by Title VII. (Pl's Amend. Cplt. ¶ 14).

5. On or about March 28, 2011, a report of the sexual harassment investigation was delivered to Defendant. (Pl's Amend. Cplt. ¶ 15).

6. McCullough's employment with the FOP was terminated on April 5, 2011. (Plt's Amend. Cplt. ¶ 16).

7. From the inception of this dispute, Defendant has steadfastly maintained that any and all details of the investigation by (the "D'Alba investigation") and the resulting report (the "D'Alba report") of the law firm of Asher, Gittler & D'Alba Ltd. regarding sexual harassment allegations are protected by both the attorney-client and the attorney work product privileges. (*See, e.g.,* Defendant's First Amended Answer to Plaintiff's First Set of Interrogatories, Attached hereto as **Exhibit A**):

   a. Defendant denies that Plaintiff engaged in statutorily protected activity prior to her termination. (Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ¶ 14).

      b.      Defendant has withheld discovery responses claiming that the requests seek attorney client and work product privileged material. (Exhibit A, Request Nos. 7, 13, 17, 18, 20, 21, and 23).

      c.      Defendant has raised standing objections to any deposition questions regarding the D'Alba investigation, has objected to questions regarding the D'Alba investigation during depositions taken in this case, and Defendant's witnesses have refused to answer questions relying on advice of counsel.

8.      On October 25, 2013, Defendant served its Response to Plaintiff's Request to Admit. (Attached hereto as **Exhibit B**). In its responses to Request to Admit Nos. 10, 11, 14, 15, 18, 19, in particular, Defendant admits that there is a possibility that the investigation may come into play, either in a summary judgment motion or during trial: *Defendant's current intentions or thoughts on what it may or may not introduce as evidence at summary judgment or trial are "not relevant or probative of anything" . . . . To that end, Defendant has not yet fully determined what evidence it will offer in this case. . . . Defendant denies the allegations as stated, and admits only that Defendant will not voluntarily inject this issue into this case.*

9.      Defendant denies:

      a.      that it will not offer evidence in this case that it took reasonable care to promptly correct the behavior reported by Plaintiff's co-worker, Marie Marrero, on December 15, 2010. (Plaintiff's Request to Admit No. 10).

      b.      that it will not offer evidence in this case that it corrected the behavior reported by Marie Marrero. (Plaintiff's Request to Admit No. 11).

   c. that it will not offer evidence in this case that it took reasonable steps to investigate the behavior reported by Marie Marrero. (Plaintiff's Request to Admit No. 14).

   d. that it will not offer evidence in this case that it investigated the behavior reported by Marie Marrero. (Plaintiff's Request to Admit No. 15).

   e. that it will not offer evidence in this case that it took reasonable steps to determine whether or not the behavior reported by Marie Marrero had occurred. (Plaintiff's Request to Admit No. 18).

   f. that it will not offer evidence in this case that it determined whether or not the behavior reported by Marie Marrero had occurred. (Plaintiff's Request to Admit No. 19).

It is impossible to envision under what scenario this evidence would not be part of Defendant's case or defense in this matter.

  10. It is appropriate for the underlying facts surrounding and details of the investigation and the resulting D'Alba report to be discovered by Plaintiff. Defendant cannot hide the investigation and then use it during a summary judgment motion or at trial. Defendant needs to make a choice. Or, have the choice made for it.

  11. The attorney-client privilege may be "impliedly waived when the client asserts claims or defenses that put his or her communications with the legal advisor at issue in the litigation." *Lama v. Preskill*, 353 Ill. App. 3d 300, 305 (2nd Dist. 2004). The attorney-client privilege may be waived "when the client voluntarily injects into the case either a factual or legal issue, the truthful resolution of which requires examination of confidential communication …" *Center Partners, Ltd. V. Growth Head GP, LLC*, 2012 IL 113107, ¶ 35 (2012).

4

12.	In denying the fact that Plaintiff complained of sexual harassment during the D'Alba investigation, Defendant made information acquired through the investigation essential to its defense.

WHEREFORE, Plaintiff respectfully requests that this Court order that Defendant shall be precluded from offering evidence in this case or claiming or inferring that: (1) it took reasonable care to promptly correct the behavior reported by Marie Marrero, (2) it corrected the behavior reported by Marrero, (3) it took reasonable steps to investigate the behavior reported by Marrero, (4) it investigated the behavior reported by Marrero, (5) it took reasonable steps to determine whether or not the behavior reported by Marrero had occurred, (6) it determined whether or not the behavior reported by Marrero had occurred, and (7) Plaintiff did not object to sexual harassment during the D'Alba investigation. Alternatively, Plaintiff requests that this Court order Defendant to respond in full to Plaintiff's First Set of Interrogatories Nos. 7, 13, 17, 18, 20, 21, and 23.

						Respectfully submitted,

						s/ Lori D. Ecker

Lori D. Ecker
Law Office of Lori D. Ecker
120 N. LaSalle St., Suite 1050
Chicago, IL 60602
312/855-1880
loriecker@ameritech.net